

**ORIGINAL**
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 0 2009

JAMES N. HATTEN, CLERK
By:

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAFAEL ELLINGTON, :
:
    Plaintiff, :
:
:   CIVIL ACTION FILE
v. :
:   NO. 1 09-CV-1572
LAW OFFICE OF CHRISTOPHER M. :
RANIERI, P.A., :
a Florida professional association, and :
:   -ODE
COOPER FINANCIAL, LLC, :
:
    Defendants. :
_____:

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    This is an action for damages against the defendants for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and

supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4.    Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

5.    Defendant, LAW OFFICE OF CHRISTOPHER M. RANIERI, P.A., is a

professional association organized under the laws of the State of Florida.

[Hereinafter, said Defendant is referred to as "RANIERI"].

6.    RANIERI is subject to the jurisdiction and venue of this Court.

7.    RANIERI may be served by personal service upon an authorized agent or

officer at its principal place of business in the State of Florida, to wit: 3890

Commercial Boulevard, Suite 218, Fort Lauderdale, Florida 33309.

8.    Alternatively, RANIERI may be served by personal or substitute service

pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws

of the States of Georgia or Florida.

9.   Defendant, COOPER FINANCIAL, LLC, is a limited liability company whose business information is currently unknown to Plaintiff.  [Hereinafter, said Defendant is referred to as "COOPER"].

10.   Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

11.   RANIERI uses the mails in its business.

12.   RANIERI uses telephone communications in its business.

13.   The principle purpose of RANIERI's business is the collection of debts.

14.   RANIERI regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15.   RANIERI is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16.   COOPER uses the mails in its business.

17.   COOPER uses telephone communications in its business.

18.    The principle purpose of COOPER's business is the collection of debts purchased from another after the date of default.

19.    COOPER is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

20.    In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, RANIERI communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

21.    On or about January 9, 2009, RANIERI began a collection "campaign" against the Plaintiff.

22.    In or around January 2009, RANIERI, by and through its agent, left a series of messages for Plaintiff requesting a return call.

23.    In many of the January 2009 messages, RANIERI did not meaningfully disclose its identity.

24.    In each of the January 2009  messages, RANIERI did not state that the communications were from a debt collector.

25.    In each of the January 2009 messages, RANIERI did not state that the communications were an attempt to collect a debt.

26.   In a message left on or about January 20, 2009, RANIERI stated, "[it didn't] know what else to do except forward this on to [its] legal review department" and that "[it would] give [Plaintiff] till tomorrow to respond," or words to that effect.

27.   In other messages left in January 2009, RANIERI consistently refers to the "courthouse", "legal department", and "forwarding the file".

28.   At no time relevant to this matter did RANIERI intend to file suit against Plaintiff regarding the alleged debt.

29.   Many of the messages left in January 2009 are repetitive and detailed as to constitute harassment.

30.   On or about January 16, 2009, RANIERI sent a written communication to Plaintiff.

31.   In the January 16, 2009 written communication, RANIERI failed to give the required statement of consumer rights.

32.   In RANIERI's actions towards the Plaintiff, RANIERI knew or reasonably should have known that the alleged debt had already been paid by the Plaintiff.

33. RANIERI sought to shift the burden of validating the debt to the Plaintiff by requiring Plaintiff to produce certain documentation.

34. RANIERI's communications violate the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act and the Georgia Fair Business Practices Act.

35. RANIERI was acting as the agent for COOPER when it violated the FDCPA.

36. COOPER is vicariously liable for the actions of its agent RANIERI.

37. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

38. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.

39. Defendants' violations of the FDCPA include, but are not limited to, the following:

40. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

41. Causing any telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C. § 1692d(5);

42. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

43. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

44. The false representation of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

45. The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

46. The use of any false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

47.     The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

48.     The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

49.     Failure to provide the statement of consumer rights, in violation of 15 U.S.C. § 1692g.

50.     As a result of Defendants' actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: FLORIDA CONSUMER COLLECTION PRACTICES ACT

51.     The acts of Defendants constitute violations of the Florida Consumer Collection Practices Act.

52.     Defendants' violations of the FDCPA include, but are not limited to, the following:

53.     Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor, in violation of Fla. Stat. § 559.72(7).

54.   As a result of Defendants' actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT THREE: GEORGIA FAIR BUSINESS PRACTICES ACT

55.   Defendants actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

56.   As a result of Defendants' actions, Plaintiff is entitled to an award of statutory, actual, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)   That Plaintiff be awarded statutory, actual and treble (exemplary) damages;

b)     That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)     That the Court declare each and every defense raised by Defendant to

be insufficient; and

d)     That the Court grant such further and additional relief as is just in the

circumstances.


Signature Page to Follow.


Respectfully submitted,


James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax


- 10 -